IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER W. TERRELL                                          PETITIONER

v.                                  Case No. 6:22-cv-06034

DEXTER PAYNE, Director,                                         RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Christopher W. Terrell ("Terrell"). On March 31, 2022, Terrell filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Payne filed a response on June 2, 2022. ECF No. 9. Terrell filed his reply on June 15, 2022. ECF No. 11.

This Petition has been referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition, the Response, and the Reply. As set out below, the Court recommends this Petition be **DENIED** in its entirety.

**A.     Background**:[1]

Terrell is an inmate incarcerated at the Ouachita River Unit in Malvern, Arkansas. ECF No. 1. On April 12, 2018, after a jury trial, Terrell was convicted in Poinsett County Circuit Court in Harrisburg, Arkansas of first-degree murder under Arkansas Code Annotated § 5-10-102(a)(2). *Id.* Terrell was sentenced to twenty-three years imprisonment. *Id.*

---

[1] The background is taken from the Petition, Response, all the attached exhibits, and matters of public record in this case.

1

Terrell appealed his sentence to the Arkansas Court of Appeals. *See Terrell v. State of Arkansas,* 2019 Ark. App. 433 (Oct. 2, 2019) (ECF No. 1-4). The Arkansas Court of Appeals affirmed Terrell's conviction. *Id.*[2]

On February 24, 2020, Terrell filed a Rule 37 Petition. His Rule 37 Petition was denied, and Terrell appealed that denial. *See Terrell v. State of Arkansas,* 2021 Ark. App. 179 (Apr. 21, 2021). That appeal was denied. *Id.* Thereafter, on March 31, 2022, Terrell timely filed the current Petition.[3] ECF No. 1. A response and reply have been filed. ECF Nos. 9, 11.

**B.**   **Instant Motion**:

Terrell raises two issues with this Petition:

1. The jury violated his constitutional due process right to a fair and impartial trial by not remaining impartial on the crime charged and by considering his guilt on an un-instructed theory of law, accomplice liability. Trial counsel was ineffective for untimely filing and not preserving the juror misconduct issue on direct appeal.

2. His counsel was ineffective "for not filing and litigating a motion to suppress physical evidence illegally seized" from his residence.

Respondent has addressed each of these issues and claims Terrell is not entitled to relief on either of these claims. ECF No. 9.

**C.**   **Applicable Law:**

Terrell seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a

---

[2] Terrell claims he then appealed to the Arkansas Supreme Court, and that his conviction was affirmed on December 27, 2019. *See* ECF No. 1 at 3. However, there appears to be no record of this appeal.
[3] Respondent does not dispute the timeliness of this Petition. *See* ECF No. 8.

2

formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant *habeas-corpus* relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

**D.** **Discussion**:

Terrell raises two claims in his Petition: (1) juror misconduct; and (2) ineffective assistance of counsel because his counsel failed to move to suppress physical evidence. ECF No. 1. The Court will address both of these claims.

   **1. Juror Misconduct**

Terrell argues the jury in his case wrongfully convicted him because they "could not specifically determine who shot and killed" the victim but convicted him for "being involved in

the commission of the offense." ECF No. 1-2. Terrell also argues that "[o]ther juror misconduct evidence" he presented on appeal reveals that "several members of this jury did not believe that he was guilty of being charged with, but voted to convict anyway because they were not given any other choice of crime." *Id.*

Upon review this claim, the Court finds no basis for granting *habeas* relief. It is well-settled in Arkansas that, notwithstanding narrow exceptions for deliberations influenced by overt racial animus or events extraneous to the deliberative process, a juror may not impeach the verdict, either by affidavit or live testimony. *See, e.g., Pena-Rodriguez v. Colorado,* 137 S. Ct. 855, 861-69 (2017). *See also* Ark. R. Evid. 606(b) (2019). Thus, any extraneous evidence submitted by Terrell purporting to demonstrate juror misconduct does not entitle him to relief.

In considering Terrell's state post-conviction claims, the Arkansas Court of Appeals specifically considered this issue and held:

> Rule 606(b) states plainly that a juror may not testify as to the effect of anything upon his mind as influencing him to assent to the verdict. *See Veasey v. State*, 276 Ark. 457, 637 S.W.2d 545 (1982). Certainly, a juror's understanding of the jury instructions and its effect on her deliberation fall within this very prohibition.
> . . .
> The information Terrell wanted to adduce at the hearing on his motion for new trial was exactly the type of testimony prohibited by Rule 606(b).
> . . .
> Terrell further argues on appeal that the jury deprived him of his due-process right to a fair trial by determining his guilt based on the theory of accomplice liability. This argument was not made to the circuit court. Nevertheless, the supreme court held in *Miles*, *supra*, that Rule 606(b) is not unconstitutional and serves the important functions of maintaining the privacy of jury deliberations and protecting the finality of judgments.

*See Terrell v. State of Arkansas,* 2021 Ark. App. 179 at *9-*10. The Arkansas courts have thus ruled directly on the claim Terrell raises here and rejected that claim. This decision is presumed to be correct. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). The decision of the Arkansas courts is neither contrary to established Federal law or based on an unreasonable

4

determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, this Court likewise finds Terrell is not entitled to relief on this issue.[4]

2. **Motion to Suppress**

Terrell claims his counsel was ineffective for "not filing and litigating a motion to suppress physical evidence illegally seized" from his residence. ECF No. 1 at 6-7. In considering this issue, this Court must first consider the standard for ineffective assistance. In order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003) (*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There

---

[4] It appears Terrell may also be claiming in his briefing that his counsel was ineffective for failing to raise this issue. Because this claim was without merit, the Court cannot find Terrell's counsel was ineffective for failing to raise this issue. *See Rodriguez v. U.S.,* 17 F.3d 222, 226 (8th Cir. 1994) (recognizing "counsel's failure to raise a meritless argument cannot constitute ineffective assistance").

is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 314 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

In the present action, the Court recognizes that the failure to file a meritorious suppression motion may constitute ineffective assistance of counsel if it results in prejudice. *See, e.g., Eastin v. Hobbs,* 688 F.3d 911, 915 (8th Cir. 2012). Terrell claims such a suppression motion would have been meritorious:

> Trial court ruled that Terrell was illegally seized at gunpoint from his residence. Law enforcement illegally seized residence after removing Terrell without a warrant or probable cause. Evidence seized 9 hours later with warrant was a direct result of the earlier ongoing illegality. This evidence was entered at Terrell's trial. Judge instructed jury to consider all evidence. State used illegally seized evidence to show intent and purposefulness which is an element of crime. State also used illegally seized evidence to show intent and purposefulness which is an element of crime. State also used evidence to bolster witness testimony.

ECF No. 1 at 5-6.

The Arkansas Court of Appeals considered this specific argument but found it was without merit based upon the following finding:

> The State argues, and we agree, that even if the above items should have been suppressed, Terrell cannot show prejudice by the failure to file a motion to suppress because there was overwhelming evidence from witness testimony to support his conviction without the seized items.

*See Terrell v. State,* 2021 Ark. App. 179, 2021 WL 1558335, at *3 (2021).[5] Upon review of record presented here and in the state court adjudication of this precise issue, the Court cannot find Terrell has presented sufficient evidence to overturn the state court determination. *See* 28 U.S.C. § 254(e)(1) (recognizing "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"). The Court is also restricted from developing the record further as to this issue of his counsel's alleged ineffectiveness. *See Shoop v. Twyford,* 142 S. Ct. 2037, 2043-44 (2022) (reaffirming that "[r]eview of factual determinations under § 2254(d)(2) is expressly limited to 'the evidence presented in the State court proceeding'"). Thus, this claim should be denied.

**E.    Conclusion**:

Based upon the foregoing, Court recommends Terrell's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED** in its entirety. The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

---

[5] In addition to finding no prejudice, the Arkansas Court of Appeals noted that Terrell was also on state parole at the time of the murder for which he was convicted. Pursuant to Arkansas Code Ann. § 16-93-106, as a parolee he was subject to warrantless searches as a term of his parole, and he would have no basis to object to even a warrantless search. *See Terrell v. State,* 2021 Ark. App. 179, 2021 WL 1558335, at *3 (2021).

reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

DATED this 23rd day of August 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE