IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER W. TERRELL                                                                PETITIONER

v.                                        Case No. 6:22-cv-6034

DEXTER PAYNE, Director
Arkansas Department of Correction                                                     RESPONDENT

**ORDER**

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 15. Petitioner Christopher W. Terrell has objected. ECF No. 18. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Petitioner is currently incarcerated in the Cummins Unit of the Arkansas Department of Corrections in Grady, Arkansas. On April 12, 2018, Petitioner was found guilty of first-degree murder by the Poinsett County, Arkansas Circuit Court for the November 29, 2014, murder of James Hunt.[1] *See Terrel v. State*, 2019 Ark. App. 433, 1-5. Petitioner appealed his conviction, arguing that the evidence was insufficient to convict him, that certain expert testimony should have been excluded, that certain prior testimony from a witness should have been excluded, that the Circuit Court should have granted his motion for a new trial, and that the Circuit Court erred in denying his motion for a mistrial. *See id*. at 5-15. The Arkansas Court of Appeals, Division I, denied Petitioner's appeal on all grounds. *See id*. The Court of Appeals held that there was

---

[1] "James Hunt's body was discovered by law enforcement underneath his burnt truck at a levee in Marked Tree on November 29, 2014. Hunt died from a shotgun wound to the head. Trails of blood led to the truck, and law enforcement determined that the body had been rolled down a hill for more than sixty feet." *Terrell v. State*, 2019 Ark. App. 433, 1-2.

sufficient evidence to support a conviction, that expert testimony regarding cell phone location data was permissible, that the prior testimony was not excluded by the hearsay rule, that Petitioner's motion for a new trial was untimely, and that Petitioner failed to show that he was prejudiced by any of the testimony that he cited in his multiple motions for a mistrial. *See id*.

Petitioner then filed a motion for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37").[2] ECF No. 9-12. Petitioner alleged that his trial counsel was ineffective in not moving to suppress evidence that was allegedly obtained illegally and for not moving for a new trial based on jurors considering extraneous and prejudicial information. *Id*. The Poinsett County Circuit Court denied Petitioner's Rule 37 petition. ECF No. 1-3. The Circuit Court held that Petitioner's status as a parolee subjected him to warrantless searches and that his conviction was not dependent upon the evidence Petitioner claims was unlawfully seized. *Id*. at p. 6-8. Also, the Circuit Court held that the juror's testimony regarding the validity of the verdict was barred by Arkansas Rule of Evidence 606. *Id*. at p. 8-10.

Petitioner appealed the Circuit Court's denial of his Rule 37 petition. ECF No. 9-14. The Arkansas Court of Appeals affirmed the Circuit Court's denial of Petitioner's Rule 37 petition. *Terrell v. State*, 2021 Ark. App. 179. The Court of Appeals found that the Petitioner's counsel was not ineffective because Petitioner could not show he was prejudiced by the potentially illegally seized physical evidence and that there was no legal basis for moving to suppress the cell phone information at the time of the trial. *Id*. at 3-5. The Court of Appeals also held that the juror testimony Petitioner sought to introduce was clearly the type of testimony barred by Rule 606 and

---

[2] Arkansas Rule of Criminal Procedure 37 permits a petitioner in custody under a sentence of an Arkansas Circuit Court to claim a "right to be released, or to have a new trial, or to have the original sentence modified on the ground: (i) that the sentence was imposed in violation of the Constitution and laws of the United States or this state; or (ii) that the court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence was in excess of the maximum sentence authorized by law; or (iv) that the sentence is otherwise subject to collateral attack may file a petition in the court that imposed the sentence, praying that the sentence be vacated or corrected." AR R CR P 37.1(a).

not within any of the two categories of exceptions. *Id*. at p. 6-10. Petitioner petitioned for a writ of certiorari from the United States Supreme Court, but the petition was denied. *Terrell v. Arkansas*, 142 S. Ct. 605 (2021).

On March 31, 2022, Petitioner filed his petition for a writ of habeas corpus challenging his detainment pursuant to 28 U.S.C. § 2254. ECF No. 1. The two grounds for the instant petition were two of the grounds brought in his prior Rule 37 petition: that his counsel was ineffective for failing to preserve his motion for a new trial with his juror misconduct claim and that his counsel was ineffective for not moving to suppress the physical evidence that was allegedly seized illegally. ECF No. 1, p. 6; ECF No. 1-1. On August 23, 2022, Judge Bryant issued the instant Report and Recommendation, which recommends that the petition be denied in full and that no Certificate of Appealability be issued. ECF No. 15, p. 7-8.

## II. DISCUSSION

**A. Standard of Review**

Petitioner has filed timely objections to Judge Bryant's Report and Recommendation.[3] ECF No. 18. The Court finds that these objections are specific enough to trigger a de novo review of Judge Bryant's recommendation. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (specific objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*); *see also* 28 U.S.C. § 636(b)(1).

---

[3] The Report and Recommendation was initially sent to Petitioner at his prior place of confinement at the Arkansas Department of Corrections Ouachita River Unit. ECF No. 15. However, the Report and Recommendation was not sent to Petitioner at the Cummins Unit until September 9, 2020, and Petitioner did not receive it until September 12, 2022. ECF No. 17. Accordingly, the Court considers the objections submitted (ECF Nos. 17 and 18) as timely under 28 U.S.C. § 636(b)(1).

**B. Petitions for Habeas Corpus**

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Under the Antiterrorism and Effective Death Penalty Act (AEDPA), where a petitioner's claims have been 'adjudicated on the merits in State court proceedings,'" a district court may only grant relief if the petition sufficiently demonstrates that the adjudication falls under one of the circumstances of 28 U.S.C. § 2254(d). *Boss v. Ludwick*, 760 F.3d 805, 811 (8th Cir. 2014). An application for a writ of habeas corpus that contains claims challenging the merits of a State court adjudication will not be granted unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Habeas petitions challenging State court determinations are evaluated in light of the presumption that State courts are suitable and competent forums for protecting constitutional rights. *See Burt v. Titlow*, 571 U.S. 12, 19 (2013) (citation omitted). Thus, meeting the requirements of § 2254(d) are "difficult" and state court decisions are presumed to be correct and should be "given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (quotations omitted). "Petitioner carries the burden of proof." *Id*. Regarding the requirement of § 2254(d)(1), the State court adjudication must either contradict the law as set forth by the Supreme Court or must apply that law in an objectively unreasonable manner. *See Boss*, 760 F.3d at 809-10. "With respect to § 2254(d)(2)'s 'unreasonable determination of the facts' clause, '[t]he

4

question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id*. at 810.

A court may not grant an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). An individual convicted of a crime in Arkansas is deemed to have exhausted his State remedies when the Arkansas Court of Appeals has made an adverse determination against that individual. Ark. S. Ct. R. 1-2(g). Petitioner previously asserted the claims in his petition regarding ineffective assistance of counsel in the Arkansas Court of Appeals when it denied his Rule 37 petition. *See Terrell*, 2021 Ark. App. 179, at 3-10. Accordingly, the Court finds that Petitioner has exhausted his available State court remedies and his claims of ineffective assistance of counsel can be evaluated on the merits.

**C. Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel requires that the counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). A convicted defendant attempting to show that his counsel was ineffective must make two showings: that his counsel performed deficiently, and that the counsel's deficient performance prejudiced the defendant. *See id*. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.

A counsel's performance must be evaluated objectively at the time of representation and a court must determine whether the performance was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. U.S.*, 201 F.3d 1025, 1027 (8th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "Because of the 'distorting effects of hindsight,' our

highly deferential scrutiny of counsel's performance 'indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Link v. Luebbers*, 469 F.3d 1197, 1202 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689). "Counsel's performance prejudices an individual's defense if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992) (quoting *Strickland*, 466 U.S. at 694). A court is permitted to only evaluate the prejudice component of the test for ineffective counsel and dismiss the claim if it determines that a defendant or petitioner has made an insufficient showing of prejudice. *See Whitehead v. Dormire*, 340 F.3d 532, 537 (8th Cir. 2003) (citations omitted).

### 1. Ineffective Assistance: Jury Misconduct Claim

Petitioner's first claim is that his counsel was ineffective for failing to preserve the claim of jury misconduct for appeal at his trial.[4] ECF No. 1-2. Petitioner argues that the jury that convicted him of first-degree murder committed misconduct in failing to appropriately apply the elements of the crime to find him guilty. *See id*. Petitioner alleges that the jury found him guilty on the inapplicable theory of accomplice liability that was incompatible with the demand that the jury must find that Petitioner purposefully caused the death of James Hunt. *See id*. Petitioner asserts that the testimony of five jurors as to this misconduct underlying his motion for a new trial

---

[4] The procedural explanation for this is best summarized by the Arkansas Court of Appeals: "Terrell's sentencing order was filed of record on April 12, 2018. He timely filed a motion for new trial on May 9, 2018, alleging juror misconduct. He filed a notice of appeal from the sentencing order on May 10. The circuit court held a hearing on Terrell's motion for a new trial on July 23 and denied the motion. Terrell then filed an amended notice of appeal on July 26 appealing both the April 12 sentencing order and the July 23 denial of his motion for new trial. This court declined to address Terrell's argument on direct appeal regarding his motion for new trial holding that he had failed to timely appeal that issue because pursuant to Arkansas Rule of Criminal Procedure 33.3(c), the motion was deemed denied on June 8 (the thirtieth day after the date it was filed), the circuit court had no jurisdiction to act on the motion on July 23, and Terrell had failed to timely amend his notice of appeal to include the 'deemed denied' motion for new trial." *Terrell*, 2021 Ark. App. at 7.

was barred in the Arkansas courts and that his counsel should have preserved this issue for appeal. *See id*. In evaluating Petitioner's prior Rule 37 petition that raised this issue, the Arkansas Court of Appeals determined that the testimony of these jurors would be barred under Arkansas Rule of Evidence 606(b) because the juror testimony did not support allegations of improper external influence and the affidavits in support did not contain extraneous prejudicial information. *Terrel*, 2021 Ark. App. at 8-9. Rather, the Court of Appeals determined that Petitioner's allegations involved the thought process of the jurors, which is clearly the type of evidence that cannot be admitted in an attempt to show juror misconduct. *Id*. at 9. Accordingly, the Court of Appeals determined that there was no potential prejudice for failing to preserve his motion for a new trial for appeal because all of Petitioner's alleged evidence for juror misconduct would be barred. *Id*. at 7, 9-10.

Judge Bryant recommends that this ground for Petitioner's application be denied. ECF No. 15, p. 3-5. Judge Bryant noted that there are only two instances in which a juror may present testimony to impeach a verdict and determined that Petitioner's attempted use of juror testimony was not a permissible instance. *Id*. at p. 4. Judge Bryant concluded that this claim lacked merit and that Petitioner was therefore not prejudiced by his counsel's failure to preserve his request for a new trial on this basis. *Id*. at p. 4-5. Petitioner's objects to this conclusion and argues that the juror testimony is admissible to impeach the verdict that convicted him. ECF No. 18, p. 1-2. Petitioner contends that the accomplice liability theory used by the jurors instead of the instructed elements given by the State court is exactly the type of "extraneous" consideration that can be presented to undermine the jury's verdict. *Id*.

The Court finds that Judge Bryant's conclusion is correct. Juror testimony meant to inform on the validity of a verdict may only involve questions of "whether extraneous prejudicial

7

information was brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." Ark. R. Evid. 606(b). The extraneous prejudicial information exception under Rule 606(b) is applicable when "one or more members of the jury brought to a trial specific personal knowledge about the parties or controversy or acquired such knowledge from sources outside the courtroom during the trial or deliberations." *Witherspoon v. State*, 322 Ark. 376, 382, 909 S.W.2d 314, 317-18 (citation omitted). Petitioner's allegations are that the jury did not properly apply the jury instructions, not that outside information was brought into jury deliberation. Therefore, the Court finds that the Arkansas Court of Appeals was reasonable in its determination that the juror testimony that Petitioner wanted to use pertained only to the juror's mental processes and not information that was extraneous and prejudicial. *See Terrell*, 221 Ark. App. 179, at 8-10. Likewise, the Arkansas Court of Appeals correctly determined that the lack of any admissible testimony to support his motion for a new trial meant that Petitioner could not prevail on appeal and was not prejudiced by any failure of his counsel to keep his motion for a new trial alive for appeal. *See id*. at 6-8; *see also Whitehead*, 340 F.3d at 537 (noting that an ineffective assistance of counsel claim cannot succeed without demonstrating prejudice). Because the Court finds that the prior Arkansas Court of Appeals decision regarding this aspect of Petitioner's habeas application conformed to federal law and was a reasonable determination of the facts, this aspect of Petitioner's habeas petition must fail. *See Boss*, 760 F.3d at 809-10; 28 U.S.C. § 2254(d).

**2. Ineffective Assistance: Failure to Suppress**

Petitioner argues that his trial counsel was ineffective for failing to file a motion to suppress physical evidence he claims was illegally seized.[5] ECF No. 1, p. 6-7; ECF No. 1-8, p. 6-9.

---

[5] This evidence includes door panels from a vehicle, a bloody pair of jeans, a gas can, and a bloody pair of boots taken from near Petitioner's residence after Petitioner's arrest and a search warrant was issued for the premises. *See Terrell*,

Petitioner argues that had this evidence been suppressed and not been presented to jurors at trial, he would not have been convicted. ECF No. 1-8, p. 7-9. The Arkansas Court of Appeals previously rejected this claim when Petitioner included it in his Rule 37 petition. *See Terrell*, 2021 Ark App. at 3-5. The Court of Appeals determined that there was overwhelming witness testimony to support Petitioner's conviction without the physical evidence Petitioner argues should have been suppressed. *Id*. The Court of Appeals noted that a direct eyewitness testified to seeing Petitioner drag James Hunt's body down a levy after Hunt had died from a gunshot wound to the face, park Hunt's truck over Hunt's body, and then set the truck on fire. *Id*. at 5. The Court of Appeals also noted that a witness testified that earlier in the day Petitioner had asked for help acquiring a gun to "take care of some business." *Id*. Therefore, the Court of Appeals affirmed the lower state court determination that Petitioner failed to show that suppression of the physical evidence would have ultimately changed the outcome of his trial. *Id*.

Judge Bryant recommends that this ground of the petition also be denied. ECF No. 15, p. 5-7. After noting that a State court's factual conclusions are presumed correct, Judge Bryant determined that Petitioner has not presented sufficient evidence to overturn the Arkansas Court of Appeals' determination that Petitioner was not prejudiced by any failure to suppress the physical evidence. *Id*. at p. 7. Therefore, Judge Bryant concluded that Petitioner has not overcome his burden of showing by clear and convincing evidence that the Court of Appeals' decision was unreasonable and that his petition must be denied. *Id*.

Petitioner's objection focuses on what he argues is an erroneous legal conclusion within a footnote of Judge Bryant's recommendation. ECF No. 18, p. 3. Judge Bryant stated that Arkansas Code Ann. § 16-93-106 permits warrantless searches of parolees and thus Petitioner could not even

---

2021 Ark App. 179, at 4-5. There was never a determination as to whose blood was on the boots or jeans. *See id*. at 5.

object to a warrantless search as a parolee. ECF No. 15, p. 7 n.5. Petitioner, who was on parole at the time on the incident, argues that the statute which permits warrantless searches of individuals on parole was not enacted until after the events underlying his conviction. ECF No. 18, p. 3. Petitioner also asserts that the physical evidence's inclusion at trial is itself proof that its exclusion would have resulted in a different outcome. *Id*.

The Court finds that this ground for Petitioner's habeas petition must also fail. Failure to file a meritorious motion to suppress can be indicative of ineffective assistance of counsel. *See Easton v. Hobbs*, 688 F.3d 911, 915 (8th Cir. 2012). However, the Court agrees with Judge Bryant that Petitioner has failed to show that the Court of Appeals' prior determination of this issue was unreasonable. The Court of Appeals correctly determined that Petitioner could not prevail on an ineffective assistance claim without showing that the failure to suppress prejudiced Petitioner. *See Whitehead*, 340 F.3d at 537. The Court of Appeals' determination that the amount of witness testimony would have supported Petitioner's conviction is presumed to be reasonable, and Petitioner has not offered any argument or evidence to overcome that presumption. *See Pinholster*, 563 U.S. at 182. Instead, Petitioner treats the fact that the physical evidence was presented at trial as axiomatic that its exclusion would have changed the result.[6] Without demonstrating that the Arkansas Court of Appeals applied erroneous law or made an unreasonable determination in light of the facts in denying his ineffective assistance of counsel claim, Petitioner's second ground of his habeas petition must also fail. *See Pinholster*, 563 U.S. at 182; *see also Boss*, 760 F.3d at 809-10; *see also* 28 U.S.C. § 2254(d).

---

[6] Petitioner is correct in arguing that Judge Bryant erroneously found that Ark Code Ann. § 16-93-106 applied to Petitioner at the time of the seizure of the physical evidence. The statute was enacted in 2015, well after the incidents underlying Petitioner's conviction. However, this does not change the ultimate outcome because the evidence was seized pursuant to a search warrant and the Court finds that the Court of Appeals' determination that Petitioner could have been convicted without it was reasonable.

## III. CONCLUSION

For the reasons stated above, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 15) *in toto*. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is hereby **DENIED**. No Certificate of Appealability will be issued in this matter.

**IT IS SO ORDERED**, this 8th day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge